UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MATTHEW HALSTEAD,                                : CV: 20-4379
                                                 :
                       *Plaintiff*,             :
                                                 : **COMPLAINT**
    -against-                                  :
                                                 :
TRIM SPECIALIST LLC, and SHAWN HANLEY,: **JURY TRIAL DEMANDED**
Individually,                                    :
                       *Defendants.*            :
-----------------------------------------------------------X

       Plaintiff, MATTHEW HALSTEAD ("Plaintiff"), by and through his attorneys SCOTT MICHAEL MISHKIN, P.C., complaining of Defendants TRIM SPECIALIST LLC and SHAWN HANLEY ("Hanley") (collectively "Defendants") alleges upon his own knowledge as to himself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

       This case is brought against the Defendants pursuant to: (1) the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. §§ 201, *et seq.* for Defendants' willful failure to pay Plaintiff overtime wages for all hours worked over forty (40) in a workweek; (2) the New York Labor Law, Articles 6 and 19 ("NYLL"), for Defendants' willful failure to pay Plaintiff overtime wages for all hours worked over forty (40) in a workweek; (3) the FLSA for Defendants' willful failure to pay Plaintiff at a rate equal to or greater than the federal minimum wage rate for all hours worked; (4) the NYLL for Defendants' willful failure to pay Plaintiff at a rate equal to or greater than the state minimum wage rate for all hours worked; (5) NYLL § 195(1) for Defendants' willful failure to provide Plaintiff with an accurate wage notice at any time during his employment at Defendants; and (6) NYLL § 195(3) for Defendants' willful failure to provide

Plaintiff with accurate wage statements and/or paystubs for each pay period that he worked throughout his employment at Defendants.

## JURISDICTION

**FIRST:** The jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331, as this case presents a federal question under the FLSA.

**SECOND:** The Court also has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367(a), as Plaintiff's claims arising under the NYLL form part of the same case and controversy as those arising under the FLSA.

## VENUE

**THIRD:** At all times relevant herein, Plaintiff was a resident of Suffolk County in the Eastern District of New York of the United States District Court.

**FOURTH:** The unlawful practices alleged herein took place at Defendants' businesses located in East Northport, NY within the Eastern District of New York of the United States District Court.

**FIFTH:** This Court is thereby proper venue under 28 U.S.C. §1391.

## PARTIES

**SIXTH:** At all times relevant herein, Plaintiff was an "employee" of Defendants as defined by the FLSA and NYLL, as he was employed by Defendants as a laborer from in or about 2013, through up to and including August 2019.

**SEVENTH:** At all times relevant herein, Trim Specialist was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 590 Elwood Rd., East Northport, New York 11731.

**EIGHTH:** At all times relevant herein, Defendant Hanley was and still is a resident of the State of New York, County of Suffolk.

**NINTH:** Defendant Hanley was and still is the owner and a corporate officer of Trim Specialist and at all times relevant herein, exercised operational control over the significant business functions of the business, including but not limited to, the hiring/firing of employees, determining employee salaries, assigning responsibilities, determining schedules and hours of employees, and acting on behalf of and in the interest of Trim Specialist in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees.

**TENTH:** As such, Defendant Hanley was Plaintiff's "employer" as defined by the FLSA and NYLL.

**ELEVENTH:** At all times relevant herein, Defendants' qualifying annual business exceeded $500,000.00, and Defendants were and still are engaged in interstate commerce within the meaning of the FLSA, as they purchase and routinely work with products provided by outside vendors that originated in states other than New York.

**TWELFTH:** At all times relevant herein, Defendants accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime provisions as an "Enterprise."

**THIRTEENTH:** At all times relevant herein, Defendants' employees, including the Plaintiff, were individually engaged in interstate commerce, as on a daily basis, they used and worked with goods and products that have been, and continue to be, moved in interstate commerce, handled payments in cash that naturally moved across state lines, and

processed credit cards as a form of payment based on cardholder agreements with out-of-state companies.

## STATEMENT OF FACTS

**FOURTEENTH:** Plaintiff was employed by Defendants as a laborer from in or about 2013, through up to and including August 2019.

**FIFTEENTH:** As a laborer, Plaintiff did not possess any managerial or supervisory responsibilities and did not possess the ability to hire/fire, determine employee schedules, determine employee rates of pay, and/or determine employee responsibilities or assignments.

**SIXTEENTH:** During all times relevant herein, Plaintiff was compensated on an hourly basis and was paid once a week by check.

**SEVENTEENTH:** Although Plaintiff was an hourly employee, he was not required to punch in and out of a time clock at any time during his employment at Defendants.

**EIGHTEENTH:** During all times relevant herein, Plaintiff worked six (6) days a week, Monday – Saturday and generally worked eight (8) hours a day.

**NINETEENTH:** Throughout most of Plaintiff's employment, Plaintiff was paid $40.00 per hour for all hours that he worked up to forty (40) in a workweek, and $60.00 per hour for all hours that he worked over forty (40) in a workweek.

**TWENTIETH:** However, Plaintiff often worked long periods of time for which he did not receive any compensation at all from the Defendants.

**TWENTY-FIRST:** For example, from July 2018 - December 2018, Plaintiff worked 174 regular hours, as well as 36 overtime hours, for which he did not receive any compensation.

**TWENTY-SECOND:** From April 21, 2019 to April 27, 2019, Plaintiff worked 35 regular hours for which he did not receive any compensation.

**TWENTY-THIRD:** From June 30, 2019 – August 31, 2019, Plaintiff worked 281 regular hours, as well as 61 overtime hours, for which he did not receive any compensation.

**TWENTY-FOURTH:** Despite Plaintiff's repeated attempts and requests to be paid, Defendants failed to compensate Plaintiff his earned wages in violation of the FLSA and NYLL overtime and minimum wage provisions.

**TWENTY-FIFTH:** To date, Plaintiff is owed approximately 490 hours in regular wages and 97 hours in overtime wages, not including liquidated damages and interest.

**TWENTY-SIXTH:** During his employment, Defendants failed to provide Plaintiff with any wage notices in violation of NYLL § 195 (1).

**TWENTY-SEVENTH:** During his employment, Defendants failed to provide Plaintiff with accurate wage statements or weekly paystubs in violation of NYLL § 195 (3).

**TWENTY-EIGHTH:** Defendant Hanley oversaw and managed the day to day operations at Trim Specialist and was responsible for determining rates and methods of pay, schedules, assignments, and hours worked for all employees, including those of the Plaintiff. Furthermore, Defendant Hanley had hiring and firing authority and did in fact hire Plaintiff.

**TWENTY-NINTH:** Defendant Hanley was responsible for managing Plaintiff and was aware of, and permitted, the overtime hours worked by Plaintiff each week.

**THIRTIETH:** Defendants willfully failed to pay Plaintiff his earned wages in violation of the FLSA and NYLL and have caused damages to Plaintiff as a result.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

**THIRTY-FIRST:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**THIRTY-SECOND:** The overtime provisions of the FLSA, §§ 201 *et seq.*, require employers to compensate employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

**THIRTY-THIRD:** As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

**THIRTY-FOURTH:** During his employment at Defendants, Plaintiff regularly worked forty-eight (48) to fifty (50) hours a week.

**THIRTY-FIFTH:** From July 2018 - December 2018, Plaintiff worked 36 overtime hours, for which he did not receive any compensation.

**THIRTY-SIXTH:** From June 30, 2019 – August 31, 2019, Plaintiff worked 61 overtime hours, for which he did not receive any compensation.

**THIRTY-SEVENTH:** At all times relevant herein, Defendants willfully failed to compensate Plaintiff at a rate of one and one half times his regular rate of pay for approximately ninety-seven (97) overtime hours.

**THIRTY-EIGHTH:** Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

**THIRTY-NINTH:** Defendants acted willfully and with a disregard for

6

Plaintiff's rights under the FLSA by failing to compensate Plaintiff at an overtime rate for the hours that he worked in excess of forty (40) in a workweek.

**FORTIETH:** As a result of the FLSA violations alleged herein, Plaintiff has suffered financial loss in an amount to be determined at trial, and is also entitled to liquidated damages, attorneys' fees, and costs to the fullest extent permitted by the FLSA.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE NYLL

**FORTY-FIRST:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**FORTY-SECOND:** The overtime provisions of the NYLL require employers to compensate employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

**FORTY-THIRD:** As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

**FORTY-FOURTH:** As alleged herein, Defendants have violated the NYLL by failing to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) in a workweek as required by the NYLL.

**FORTY-FIFTH:** Defendants acted willfully and with a disregard for Plaintiff's rights under the NYLL in failing to compensate Plaintiff at an overtime rate for the hours that he worked over forty (40) in a workweek.

**FORTY-SIXTH:** As a result of the NYLL violations alleged herein, Plaintiff has suffered financial loss in an amount to be determined at trial, and is also entitled to

liquidated damages, attorneys' fees, and costs to the fullest extent permitted by the NYLL.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
FOR FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FLSA**

**FORTY-SEVENTH:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**FORTY-EIGHTH:** The minimum wage provisions of the FLSA require employers to compensate employees at a rate equal to or greater than the statutory minimum wage rate proscribed by the FLSA.

**FORTY-NINTH:** From July 2018 - December 2018, Plaintiff worked 174 regular hours for which he did not receive any compensation at all.

**FIFTIETH:** From April 21, 2019 to April 27, 2019, Plaintiff worked 35 regular hours for which he did not receive any compensation at all.

**FIFTY-FIRST:** From June 30, 2019 – August 31, 2019, Plaintiff worked 281 regular hours, for which he did not receive any compensation at all.

**FIFTY-SECOND:** At all times relevant herein, Defendants willfully failed to compensate Plaintiff at a rate equal to or greater than the statutory minimum wage rate proscribed by the FLSA.

**FIFTY-THIRD:** Defendants acted willfully and with a disregard for Plaintiff's rights under the FLSA by failing to compensate Plaintiff at a rate equal to or greater than the statutory minimum wage rate proscribed by the FLSA.

**FIFTY-FOURTH:** As a result of the FLSA violations alleged herein, Plaintiff has suffered financial loss in an amount to be determined at trial, and is also entitled to

liquidated damages, attorneys' fees, and costs to the fullest extent permitted by the FLSA for Defendants' minimum wage violations.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FLSA

**FIFTY-FIFTH:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**FIFTY-SIXTH:** The minimum wage provisions of the NYLL require employers to compensate employees at a rate equal to or greater than the statutory minimum wage rate proscribed by the NYLL.

**FIFTY-SEVENTH:** As alleged above, Plaintiff worked a total of four hundred and ninety (490) regular hours for which he did not receive any compensation from the Defendants.

**FIFTY-EIGHTH:** At all times relevant herein, Defendants willfully failed to compensate Plaintiff at a rate equal to or greater than the statutory minimum wage rate proscribed by the NYLL for approximately four hundred and ninety (490) hours.

**FIFTY-NINTH:** Defendants acted willfully and with a disregard for Plaintiff's rights under the NYLL by failing to compensate Plaintiff at a rate equal to or greater than the statutory minimum wage rate proscribed by the NYLL.

**SIXTIETH:** As a result of the NYLL violations alleged herein, Plaintiff has suffered financial loss in an amount to be determined at trial, and is also entitled to liquidated damages, attorneys' fees, and costs to the fullest extent permitted by the NYLL for Defendants' minimum wage violations.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### FOR FAILURE TO PROVIDE WAGE NOTICE IN VIOLATION OF THE NYLL

**SIXTY-FIRST:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**SIXTY-SECOND:** NYLL § 195 (1) requires that employers furnish employees with a wage notice containing the employee's rate of pay, manner of payment, regular pay date, and employer contact information.

**SIXTY-THIRD:** As alleged herein, Defendants willfully and knowingly failed to furnish Plaintiff with a wage notice at any time during his employment at Defendants in violation of NYLL § 195(1).

**SIXTY-FOURTH:** As a result of Defendants' willful failure to provide Plaintiff with a wage notice in violation of NYLL § 195(1), Plaintiff is entitled to recover all damages available under NYLL § 198 (1-b), including statutory penalties up to $5,000.00, costs, and attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### FOR FAILURE TO PROVIDE WAGE STATEMENTS IN VIOLATION OF THE NYLL

**SIXTY-FIFTH:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**SIXTY-SIXTH:** NYLL § 195 (3) requires that employers furnish employees with accurate wage statements/paystubs at the end of each pay period, which are to include the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**SIXTY-SEVENTH:** As alleged herein, Defendants willfully and knowingly failed to furnish Plaintiff with accurate wage statements and/or paystubs at any time during his employment at Defendants in violation of NYLL § 195(3).

**SIXTY-EIGHTH:** As a result of Defendants' willful failure to provide Plaintiff with a wage notice in violation of NYLL § 195(1), Plaintiff is entitled to recover all damages available under NYLL § 198 (1-d), including statutory penalties up to $5,000.00, costs, and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. All damages recoverable as a matter of law for Defendants' willful failure to pay overtime wages in violation of the FLSA;

2. All liquidated damages and/or any other statutory penalties that are recoverable as a matter of law as a result of the Defendants' willful failure to pay overtime wages in violation of the FLSA;

3. All damages recoverable as a matter of law for Defendants' willful failure to pay overtime wages in violation of the NYLL;

4. All liquidated damages and/or any other statutory penalties that are recoverable as a matter of law as a result of the Defendants' willful failure to pay overtime wages in violation of the NYLL;

5. All damages recoverable as a matter of law for Defendants' willful failure to pay minimum wages in violation of the FLSA;

11

6. All liquidated damages and/or any other statutory penalties that are recoverable as a matter of law as a result of the Defendants' willful failure to pay minimum wages in violation of the FLSA;

7. All damages recoverable as a matter of law for Defendants' willful failure to pay minimum wages in violation of the NYLL;

8. All liquidated damages and/or any other statutory penalties that are recoverable as a matter of law as a result of the Defendants' willful failure to pay minimum wages in violation of the NYLL;

9. All damages and/or statutory penalties that are recoverable as a matter of law for Defendants' willful violations of NYLL § 195(1);

10. All damages and/or statutory penalties that are recoverable as a matter of law for Defendants' willful violations of NYLL § 195(3);

11. Pre-Judgement and Post-Judgment interest as provided by law;

12. Attorneys' fees and costs; and

13. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

**Plaintiff herein demands a trial by jury of all issues in this action.**

Dated: Islandia, New York
September 18, 2020

                                        **SCOTT MICHAEL MISHKIN, P.C.**

                                        /s/ Kyle T. Pulis
                            By:   Kyle T. Pulis (KP 0415)
                                  One Suffolk Square
                                  Suite 240
                                  Islandia, New York 11749
                                  Telephone: (631) 234-1154
                                  Facsimile:  (631) 234-5048
                                  *Attorneys for Plaintiff*