## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, MATTHEW HALSTEAD ("Plaintiff"), and, on the other hand, TRIM SPECIALIST LLC and SHAWN HANLEY ("Defendants") and SHAWN HANLEY d/b/a TRIM SPECIALIST (collectively, the "Parties").

WHEREAS, on or about September 18, 2020, Plaintiff Matthew Halstead filed an action in the United States District Court for the Eastern District of New York ("the Court") against Defendants docketed as *Matthew Halstead v. Trim Specialist LLC, et al.*, 20-cv-4379-ARR-AKT, in which he asserted various claims of unpaid wages under the Fair Labor Standards Act and New York Labor Law (the "Action");

WHEREAS, in the Action, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime and minimum wages due in connection with services that he performed on Defendants' behalf; and

WHEREAS, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and

WHEREAS, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

NOW, THEREFORE, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Agreement, in relation to the released claims in Paragraph 4 of this Agreement. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid overtime and spread of hours compensation and other alleged damages for wage and hours claims from the commencement of his employment with Defendants to the present, including interest, civil monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiff the total sum of Twenty-Two Thousand Five Hundred Dollars and Zero Cents ($22,500.00) ("Settlement Amount") as follows:

December 14, 2020

(a) By ~~November 22, 2020~~ or within ~~Thirty (30)~~ 14 days of the Court's approval of this Agreement, whichever is sooner, Defendants shall deliver the following payment to counsel for Plaintiff:

    i. a check made payable to "MATTHEW HALSTEAD" in the amount of Fifteen Thousand One Hundred Sixty Six Dollars and Sixty-Seven Cents ($15,166.67), representing payment of alleged unpaid wages, liquidated damages, statutory penalties, and interest due and owing under the FLSA and the NYLL. The Parties agree that Defendants shall report such amount as income to Plaintiff on an IRS Form 1099.

    ii. a check made payable to "SCOTT MICHAEL MISHKIN, P.C." in the amount of Seven Thousand Three Hundred Thirty Three Dollars and Thirty-Three Cents ($7,333.33) to be reflected on an IRS Form 1099.

(b) Prior to the filing of the Parties' motion for FLSA settlement approval, Defendants shall receive a fully completed and executed IRS Forms W-9 from Plaintiff and from Scott Michael Mishkin, P.C.

(c) The Payments set forth in this Section shall be delivered to Scott Michael Mishkin, P.C., One Suffolk Square, Suite 240, Islandia, New York 11749.

(d) In the event that Defendants fail to adhere to the payment schedule required in Paragraph 2 of this Agreement, Plaintiff will be entitled to enter a judgment against Defendants in the amount of Forty Five Thousand Dollars and Zero Cents ($45,000.00), less any and all payments made to date by Defendants.

(e) Defendant Shawn Hanley shall execute an Affidavit of Confession of Judgment in the form annexed hereto on behalf of himself and on behalf of the Corporate Defendants. This Affidavit of Confession of Judgment shall be held in escrow by Plaintiff's legal counsel and the original and any photocopies/duplicates of same shall be returned to Defendants upon the completion of the payments by Defendants as set forth above.

(f) Prior to entering any Judgment by Confession, Plaintiff shall give written notice of such default to Defendants, and Defendants shall have Ten (10) days from the service of said written notice to cure any such default. The ten day notice period shall commence from the date of mailing. Notice of any such default shall be given to Defendants through their legal counsel via USPS mail as follows: Kyle T. Pulis, Esq., Scott Michael Mishkin, P.C., One Suffolk Square, Suite 240, Islandia, NY 11749.

3. **Full Payment**: Plaintiff agrees and affirms that the Settlement Amount described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff.

4. **Release Of All Fair Labor Standards Act And New York Labor Law Related Claims:** Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date that Plaintiff executes this Agreement. Plaintiff affirms that, other than the claims alleged herein, he has reported all hours he worked while employed by Defendants, and that he has been paid and/or has received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which he may have been entitled as a result of his employment with Defendants. Plaintiff hereby completely releases and forever discharges Defendants with prejudice to the fullest extent permitted by law from all wage and hour claims against Defendants and Shawn Hanley d/b/a Trim Specialist arising from Plaintiff's employment with Defendants which Plaintiff, Plaintiff's heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have against Defendants and Shawn Hanley d/b/a Trim Specialist from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Action including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law, and its governing regulations.

5. **Covenant Not to Sue.** Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants and Shawn Hanley d/b/a Trim Specialist concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing party.

6. **Mutual Non-Disparagement / Neutral Reference.** Plaintiff shall not make any false statements or representations, whether written or oral about Defendants. Defendants agree that they will not make any false statements or representations, whether written or oral about the Plaintiff, whether by electronic, written or oral means. The parties shall be entitled to provide truthful statements about their experience litigating this action, about Plaintiff's claims in this action, and about the resolution of this action. Nothing in this agreement shall restrict any communications Plaintiff may be required by law to have with any federal, state or municipal government agency.

7. **Filing of Voluntary Dismissal with Prejudice.**

(a) Upon execution of this Agreement, Plaintiff agrees that his counsel will execute on his behalf a Notice of Voluntary Dismissal with Prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, which will be held in escrow by Plaintiff's attorneys and filed with the Court upon the Court's approval of this Agreement.

(b) The execution and filing of the Notice of Voluntary Dismissal with Prejudice is a material condition of this Agreement and the Parties' obligations hereunder. The Parties agree that Plaintiff, by signing this agreement, authorizes his counsel to execute and the parties to file the Notice of Voluntary Dismissal with Prejudice with the Court immediately upon the Court's approval of this Agreement.

8. **Taxes and Withholding**: On or about January 31, 2021 or 2022, as applicable, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service an IRS Form 1099 for the Settlement Amount reflecting payment to Plaintiff of that portion of the Settlement Amount which was received by him in the prior calendar year. Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by him with respect to the above payment in Paragraph 2. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any. In paying the amount specified in Paragraph 2(a), Defendants make no representation regarding the tax consequences or liability arising from said payment. Plaintiff agrees to indemnify and hold harmless Defendants for any amounts assessed against it in the form of taxes, penalties, interest, or otherwise as the result of the amounts paid or the allocations set forth.

9. **Breach.** In any action or proceeding to enforce this agreement in the event of a breach by any party of any provision, the prevailing party in any such action shall be entitled to costs and disbursements and reasonable attorneys' fees related to such an action. As such, the prevailing party shall be permitted to make an application to the court for costs and disbursements and reasonable attorneys' fees, which shall be awarded in amounts deemed appropriate by the court. The prevailing party in such a dispute shall also be entitled to recover their reasonable attorneys' fees, costs, and disbursements related to preparing and filing their application for attorneys' fees and costs.

10. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment and separation from employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

11. **Release Notification**. Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Kyle T. Pulis, Esq. of Scott Michael Mishkin, P.C. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

**12.     No Pending Claims:** Plaintiff hereby represents that other than the Complaint, he has no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the parties with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

**13.     Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Nassau County, New York or the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of those courts.

**14.     Entire Agreement:** Plaintiff acknowledges and agrees that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

**15.     Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, with the exception of Paragraph 4, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**16.     Modification:** This Agreement may not be changed, waived, or supplemented unless such change, waiver, or supplementation is in writing and signed by the Parties.

**17.     Assignment of Claims:** Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**18.     Waiver and Fair Meaning:** No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

**19.     Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of the Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**20.     Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**21.     Facsimile or Email:** A facsimile or email copy of this Agreement will have the same force and effect as the original.

**22.     Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**THIS SECTION INTENTIONALLY LEFT BLANK**

## NOTICE

**THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.**

**PLAINTIFF ACKNOWLEDGES AND AGREES THAT HE IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

AGREED:

_[signature]_   Dated: 10/22/20
**MATTHEW HALSTEAD**

_[signature]_   Dated: 10·19·2020
**TRIM SPECIALIST, LLC**
By: Shawn Hanley

_[signature]_   Dated: 10·19·2020
**SHAWN HANLEY d/b/a TRIM SPECIALIST**
By: Shawn Hanley

_[signature]_   Dated: 10·19·2020
**SHAWN HANLEY**